UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-21476-CIV-GAYLES

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

    v.

**ONE PARCEL OF REAL PROPERTY
LOCATED AT 20010 S.W. 160 STREET,
MIAMI, MIAMI-DADE COUNTY,
FLORIDA, INCLUDING THE
APPURTENANCES THERETO AND
THE IMPROVEMENTS THEREON,**
        **Defendant *In Rem*.**
_____/

**SANDRA PINEIRO,**
        **Claimant.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff United States of America's (the "United States") Motion for Summary Judgment as to Claimant's Standing [ECF No. 65]. The United States argues that Claimant Sandra Pineiro (the "Claimant") lacks standing to contest this civil forfeiture action and thus her claim should be stricken as a matter of law. To date, the Claimant has not responded to the United States' motion. The Court has carefully considered the motion, the Statement of Material Facts filed in support thereof, the record, and the applicable law. For the reasons that follow, the motion for summary judgment shall be denied.

**I.    FINDINGS OF FACT[1]**

The United States seeks the forfeiture of One Parcel of Real Property Located at 20010 Southwest 160th Street, Miami, Miami-Dade County, Florida, including the appurtenances thereto

---

[1] Southern District of Florida Local Rule 56.1(b) provides: "All material facts set forth in the movant's statement filed and supported as required [by Rule 56.1(a)] will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record." Given that the Claimant has failed to respond to the Government's motion, all facts in the Government's Statement of Material Facts are deemed admitted to the extent they are supported by record evidence.

and the improvements thereon (the "Defendant Property"). On April 20, 2015, the United States filed a Verified Complaint for Forfeiture *In Rem* ("Complaint") against various real properties, including the Defendant Property, pursuant to 21 U.S.C. § 881(7). In the Complaint, the United States alleged that the Defendant Property was subject to forfeiture because it was used or intended to be used, in any matter or part, to commit, or to facilitate the commission by Jose Torres and others of the felony drug offense of manufacturing and distributing marijuana in violation of 21 U.S.C. § 841(a).

On May 12, 2015, the Claimant filed a Verified Claim ("Claim") alleging that she "has an ownership interest in the [Defendant Property], [and] has the right to manage, sell or donate the [Defendant Property]." [ECF No. 12]. She included an Answer to the Complaint in the same filing. According to Miami-Dade County property records, a warranty deed for the Defendant Property was recorded on February 21, 2007, at Book 25384, Page 0452, which lists the Claimant as the grantee. *See* Cl.'s Dep. Ex. 6.

On May 22, 2015, in accordance with Rule G(6) of Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as well as Federal Rule of Civil Procedure 33 and Southern District of Florida Local Rule 26.1(g), the United States sent the First Set of Rule G(6) Special Interrogatories to the Claimant, to be answered under oath within twenty-one days after the date of service. The United States received the Claimant's responses on May 29, 2015.

On May 24, 2015, in accordance with Rule G(4)(a) of the Supplemental Rules, the United States commenced publication of a notice of this forfeiture action on May 24, 2015. Any person who claimed a legal interest in the Defendant Property pursuant to such publication was required to file a Verified Claim with the Court within 60 days after the first date of publication.

On June 10, 2015, Mortgage Electronic Registration Systems, Inc., as nominee for CitiMortgage Inc. ("MERS") filed a Verified Claim, asserting a property interest based on a

mortgage on the Defendant Property in the original principal sum of $140,000.00, evidenced by a Real Estate Mortgage dated February 20, 2007, as recorded on February 21, 2007, in Official Records Book 25384, Page 454 of the Public Records of Miami-Dade County, Florida. MERS also filed an Answer and Affirmative Defenses to the Complaint [ECF No. 21]. On February 9, 2016, this Court granted the Unopposed Motion for Substitution of Claimant MERS by U.S. Bank National Association as Trustee for Citigroup Mortgage Loan Trust Inc. Asset-Backed Pass-Through Certificates, Series 2007-AMC4 ("U.S. Bank") [ECF No. 62]. U.S. Bank is the current holder of the mortgage on the Defendant Property. No other person filed a Verified Claim with respect to the Defendant Property.

On August 17, 2015, the United States sent its First Request for Production of Documents, requesting that the Claimant produce for inspecting and copying the items listed therein within thirty days or earlier from the date of service. On August 19, 2015, the United States sent the First Set of Interrogatories to the Claimant, to be answered under oath within thirty days after the date of service. The United States received her responses on October 14, 2015. On that date, the Claimant was deposed.

At her deposition, the Claimant confirmed she filed both the Claim and Answer. From 2003 to 2009, the Claimant lived at 23901 S.W. 212th Avenue, Miami, Florida, with Torres, her two children, and Torres's mother. Torres operated a nursery business at 20010 S.W. 160th Street (the Defendant Property). When the Claimant was asked at her deposition about the source of funds used to purchase and maintain the Defendant Property, she testified that the Defendant Property was purchased with money from Torres's nursery business, and the mortgage payments were paid with Torres's money. The Claimant testified she has not paid or contributed any of her own money toward the Defendant Property.

The Claimant confirmed she never occupied the Defendant Property. The Claimant was shown a copy of the Warranty Deed dated February 20, 2007, indicating her as the grantee, whose address is 20010 S.W. 160th Street, Miami, Florida. When asked why Torres's name was not on the property documents, she stated that he never wanted to place the property under both of their names. In her Claim, she declares she "has an ownership interest in the property, has the right to manage, sell or donate the property." [ECF No. 12]. When asked to explain the basis for this statement, she responded, "Because the property was purchased at a time when I was with the father of my daughter [Torres], and I provided—well, I did not provide economically, financially, directly, but I was in the house because of that child that we had, or we have between us, that's why I'm making the claim." Cl.'s Dep. 75-76. She testified that after she and Torres separated, Torres told her he was going to sell one or two of the Defendant Properties and give her some money so she could buy a house for her and their daughter, but this agreement was never memorialized in writing.

The Claimant testified that she first learned Torres was arrested on February 4, 2014, when law enforcement officers came to her apartment. She remembered providing a written statement after being advised of her *Miranda* rights on February 12, 2014. Her sworn statement reads:

> I, Sandra Pineiro, state that I have not gone to the homes located at 23901 Southwest 12th Avenue and 20010 Southwest 168th [sic] Street for over four years, and I had no way of knowing about what he was engaging in on any of these properties.
>
> I, Sandra Pineiro, state that we have a daughter and we separated four years ago. We were living together and we are not legally married.

Cl.'s Dep. Ex. 2. She testified that she had no indication that the Defendant Property was being used to commit a felony offense, and, although the Defendant Property was titled in her name, she had no contact with the Defendant Property after she separated from Torres. She stated that she has been living at the apartment listed in her Claim since 2010.

4

The Claimant acknowledged receipt of the United States' Notice of Judicial Forfeiture. In her Answer, she admitted the United States' statutory and judicial allegations but represented that she was without sufficient information or belief to admit or deny the United States' factual allegations. At her deposition, she denied knowledge of the factual allegations. The Claimant acknowledged receipt of the United States' Request for Production of Documents. She has filed no additional pleadings in this case nor has she provided any additional information.

On February 22, 2016, the United States filed a Stipulation and Settlement Agreement between the United States and U.S. Bank for the Court's approval, wherein the United States agreed to make certain payments to U.S. Bank in satisfaction of its claim should the United States obtain a Final Order of Forfeiture for the Defendant Property [ECF No. 64]. The Court approved the Stipulation and Settlement Agreement on May 3, 2016 [ECF No. 69]. All that remains of this action is the resolution of the Claimant's claim.

## II.   LEGAL STANDARD

Civil forfeiture actions are governed by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as well as the Federal Rules of Civil Procedure. *See* Supp. R. G(1). The legal standard for granting a motion for summary judgment in an *in rem* civil forfeiture action is the same as it is under Rule 56 in an ordinary civil action. *E.g.*, *United States v. 939 Salem St., Lynnfield, Mass.*, 917 F. Supp. 2d 151, 154-55 (D. Mass. 2013).

Summary judgment, pursuant to Federal Rule of Civil Procedure 56(a), "is appropriate only if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Tolan v. Cotton*, 572 U.S. —, 134 S. Ct. 1861, 1866 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a)) (internal quotation marks omitted); *see also Alabama v. North Carolina*, 560 U.S. 330, 344 (2010). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an

5

otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

An issue is "genuine" when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). "Where the material facts are undisputed and all that remains are questions of law, summary judgment may be granted." *Eternal Word Television Network, Inc. v. Sec'y of U.S. Dep't of Health & Human Servs.*, — F.3d —, 2016 WL 659222, at *9 (11th Cir. Feb. 18, 2016).

The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).

> When faced with an unopposed motion for summary judgment, as in the case here, a court must consider the merits of the motion. The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment. In addition, so that there can be an effective review of the case on appeal, the district court's order granting summary judgment must "indicate that the merits of the motion were addressed."

*United States v. One Piece of Real Prop.*, 363 F.3d 1099, 1102 (11th Cir. 2004) (quoting *Dunlap v. Transam. Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1998) (per curiam)) (citations omitted).

## III. DISCUSSION

A claimant in a civil forfeiture proceeding bears the threshold burden of establishing both Article III standing and statutory standing with respect to each claimed defendant property. *United States v. $38,000.00 in U.S. Currency*, 816 F.2d 1538, 1543 (11th Cir. 1987); *see also United States v. ADT Sec. Servs., Inc.*, 522 F. App'x 480, 489 (11th Cir. 2013) (per curiam).

### A. *Article III Standing*

To satisfy Article III standing, a claimant must demonstrate "a legally cognizable interest in the property that will be injured if the property is forfeited to the government." *$38,000.00*, 816 F.2d at 1543 n.12. If the claimant is unable to do so, there exists no "case or controversy" capable of adjudication in the federal courts. *Id.* at 1543. This burden is "not rigorous," as the claimant "need not prove the underlying merits of the claim," but rather "need only show a colorable interest in the property, redressable, at least in part, by a return of the property." *United States v. One Lincoln Navigator 1998*, 328 F.3d 1011, 1013 (8th Cir. 2003), *cited with approval in United States v. One 1990 Beechcraft 1900 C Twin Engine Turbo-Prop Aircraft*, 619 F.3d 1275, 1277 n.3 (11th Cir. 2010).

In its motion, the United States argues that "[o]ther than asserting ownership because the defendant property is titled in her name, Pineiro has not offered any evidence to establish her standing to contest forfeiture of the defendant property." United States' Mot. at 12. It contends that the Claimant has not demonstrated dominion and control over the Defendant Property under Florida law because: (1) she declared that she had no contact with the Defendant Property since 2009 when she separated from Torres; (2) she stated to law enforcement agents in 2014 that she

had not gone to the Defendant Property in over four years; (3) she testified that she never occupied the Defendant Property; and (4) she explained that Torres operated a nursery business selling plants from the Defendant Property. *See id.* at 11.

The United States' position is reminiscent of a similar position the government took in another civil forfeiture action, *United States v. Real Property Located at 246 Main Street, Dansville, Livingston County, New York*, 118 F. Supp. 3d 1310 (M.D. Fla. 2015). There, in response to a claimant's motion for summary judgment, the government argued that the claimant had not established standing because he came forward with only an assertion of ownership but failed to demonstrate dominion and control over the defendant property. In an analysis rejecting this argument, the court wrote:

> The United States' argument confuses the concepts of "standing" with "ownership," which are distinct under Eleventh Circuit law. The statutory definition of "owner" excludes "a nominee who exercises no dominion or control over the property." 18 U.S.C. § 983(d)(6)(B)(iii). The reason for this exclusion is that "people engaged in illegal activities often attempt to disguise their interests in property by placing title in someone else's name." *United States v. A Single Family Residence & Real Prop. Located at 900 Rio Vista Blvd., Fort Lauderdale*, 803 F.2d 625, 630 (11th Cir. 1986) (citation omitted). But ownership is not what is at issue now; it is standing. To bolster its argument that standing requires dominion and control over the property, the United States cites *United States v. One 1990 Beechcraft 1900 C Twin Engine Turbo–Prop Aircraft*, 659 F. Supp. 2d 1260, 1261 (S.D. Fla. 2009) for the proposition that, there, the district court concluded "that a corporation lacked statutory standing because it exercised no dominion or control over the property under § 983(d)(6), even though it had valid legal title to the property." What the United States omits is that the Eleventh Circuit rejected this approach. In affirming the Southern District of Florida's decision, the Eleventh Circuit, in a footnote, stated as follows:
>
>> The district court cast its ruling in terms of "statutory standing," reasoning that because International Aviation was not the "owner" of the plane, it lacked "statutory standing" to raise the innocent owner defense at all. "Although many cases refer to [the statutory definition of ownership] as part of the 'standing' inquiry, it is in fact an element of the innocent owner's claim on the merits," *United States v. One Lincoln Navigator 1998*, 328 F.3d 1011, 1014 (8th Cir. 2003), and we treat it as such throughout this opinion.

> *1990 Beechcraft*, 619 F.3d at 1277 n. 3 (brackets in original). While it is true that a claimant must demonstrate both Article III standing and statutory standing in order to contest a civil forfeiture action, [*$38,000.00*, 816 F.2d at 1544] ("In addition to establishing Article III standing, claimants also must satisfy applicable statutory standing requirements."), standing and ownership come into play at different stages in civil forfeiture cases and require different showings. *United States v. Assets Described in Attachment A to the Verified Complaint Forfeiture In Rem*, 799 F. Supp. 2d 1319, 1323 (M.D. Fla. 2011) ("As the Eleventh Circuit recently noted, 'standing' and 'ownership' are distinct concepts in civil forfeiture law." (citing *1990 Beechcraft*, 619 F.3d at 1277 n. 3)). The United States' argument that [the claimant] lacks standing because he cannot demonstrate that he fits the statutory definition of "owner" simply lacks merit. *Id.* (stating same).

*246 Main Street*, 118 F. Supp. 3d at 1317-18 (citations and footnote omitted). The court further noted the Eleventh Circuit's previous statement that "[a] claimant need not own the property in order to have standing to contest its forfeiture; a lesser property interest, such as a possessory interest, is sufficient for standing." *$38,000.00*, 816 F.2d at 1544; *see also Via Mat Int'l S. Am.*, 446 F.3d at 1262 ("At the heart of Article III standing is the existence of an injury, not ownership."). Based on this analysis, the *246 Main Street* court concluded that the claimant had "easily satisfie[d]" the "undemanding standard" to establish standing. 118 F. Supp. 3d at 1319. It determined that the "bare legal title" theory advanced by the United States is relevant only to the statutory definition of "ownership," not to Article III standing. *Id.* (citing *One Lincoln Navigator 1998*, 328 F.3d at 1013 ("In these circumstances, although there is evidence that [the claimant] has only 'bare legal title,' we conclude that is sufficient to confer Article III standing to contest the forfeiture.")). The undisputed evidence showed that the claimant had a deed that named him the owner of the defendant property and that he stood to lose his interest in the property should the United States prevail. Thus, the claimant had "shown a legally cognizable interest in the [defendant property] that would be injured if the property is forfeited to the government. The injury he would suffer is real, direct, and sufficient under Article III." *Id.*

Upon consideration of the United States' motion and the record here, the Court sees no reason to depart from the well-reasoned analysis in *246 Main Street*. The Court is not determining ownership at this juncture, only standing. Therefore, the Claimant's purported inability to satisfy the statutory definition of "owner" does not deprive her of Article III standing. According to the undisputed record evidence, the deed to the Defendant Property names the Claimant as the owner. If the United States were to prevail in this action, the Claimant would lose the legally cognizable interest she has alleged in the property. This loss suffices as an injury that could be redressed by a return of the property. Consequently, the Claimant satisfies the requirements to establish Article III standing and the motion for summary judgment on this ground shall be denied.

**B.**     ***Statutory Standing***

As to statutory standing, "whether [the Claimant] is an 'owner' is," likewise, "not germane to the issue of whether [she] has statutory standing to contest the forfeiture." *Assets Described*, 799 F. Supp. 2d at 1323. Satisfaction of statutory standing requires compliance with 18 U.S.C. § 983(a)(4) and the Supplemental Rules. *See $38,000.00*, 816 F.2d at 1545. Namely, these require that a claimant: (1) file a claim in the court where the action is pending, *see* Supp. R. G(5)(a); (2) identify the specific property claimed; (3) identify the claimant; (4) state the claimant's interest in the property; (5) sign the claim under penalty of perjury; (5) serve the claim on the government's attorney; and (6) file an answer to the United States' complaint or a Rule 12 motion within twenty-one days of filing a claim. *See* Supp. R. G(5). The United States does not contest that the Claimant adhered to each of these requirements. The United States does, however, contest whether the Claimant has satisfied the pleading requirements of the Supplemental Rule, referring specifically to cases in other courts holding that a bald assertion of ownership is insufficient to comply with Supplemental Rule G(5)(a)(i)(B). *See, e.g.*, *United States v. $304,050.00 in U.S. Currency*, No. 12-0138, 2012 WL 4953126, at *2 (M.D. Fla. Oct. 17, 2012). But those cited cases are distinguishable

from the present action in that each of them involved the claimant asserting a "bare" or "naked" interest in an amount of currency. Here, by contrast, the Claimant has asserted an interest in real property, and the record contains the warranty deed showing that the Claimant was granted title to the Defendant Property. Therefore, the Court concludes that the Claimant has statutory standing to contest the forfeiture.

**IV.   CONCLUSION**

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the United States' Motion for Summary Judgment [ECF No. 65] is **DENIED**.

This action is set for a status conference before the Court on Wednesday, May 18, 2016, at 9:30 a.m. in Courtroom 11-1, Wilkie D. Ferguson, Jr., United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128.

The United States shall send a copy of this Order to the Claimant at her last known address.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of May, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE