UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-21476-CIV-GAYLES

UNITED STATES OF AMERICA,
          Plaintiff,

          v.

ONE PARCEL OF REAL PROPERTY
LOCATED AT 20010 S.W. 160 STREET,
MIAMI, MIAMI-DADE COUNTY,
FLORIDA, INCLUDING THE
APPURTENANCES THERETO AND
THE IMPROVEMENTS THEREON,
          Defendant *In Rem*.

_____/

SANDRA PINEIRO,
          Claimant.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff United States of America's (the "United States") Motion for Summary Judgment [ECF No. 75]. The United States seeks the forfeiture of One Parcel of Real Property Located at 20010 Southwest 160th Street, Miami, Miami-Dade County, Florida, including the appurtenances thereto and the improvements thereon (the "Defendant Property"). To date, the Claimant has not responded to the United States' motion. The Court has carefully considered the motion, the Statement of Material Facts filed in support thereof, the record, and the applicable law. For the reasons that follow, the motion for summary judgment shall be granted.

I.    **BACKGROUND**

   A.    *Factual Background*

On or about October 3, 2012, law enforcement agents executed a search warrant located

at a real property owned by Jose Luis Torres located at 17001 Southwest 204th Street, Miami, Miami-Dade County, Florida (the "204th Street Property"). Statement of Material Facts in Support of United States' Motion for Summary Judgment [ECF No. 76] ("United States Statement") ¶ 1.[1] At the 204th Street Property (which was formerly a defendant property in this action but has since been dismissed), agents and others discovered a fully functional marijuana hydroponics laboratory containing marijuana plants which weighed about 495 pounds. *Id.* ¶ 2. As part of an ongoing investigation, on or about January 30, 2014, agents observed Torres driving from the 204th Street Property to the Defendant Property. *Id.* ¶ 3. An electrical diversion was also found at the Defendant Property, commonly used by persons growing marijuana to mask the amount of electricity being used at the location where the marijuana is being grown. *Id.* ¶ 5.

On or about February 3, 2014, agents also observed Torres and others leaving in two separate vehicles from another property originally named as a defendant in this case, 23901 Southwest 212th Avenue, Miami, Florida (the "212th Avenue Property"). *Id.* ¶ 6. Both vehicles were stopped, and in one vehicle law enforcement agents found bags containing marijuana plants weighing approximately 387 pounds. *Id.* ¶ 7. In the other vehicle, agents found cutting shears with marijuana residue, marijuana residue, and approximately $3,426 in quick-count bundles of United States currency. *Id.* ¶ 8. Agents also executed a search warrant at the 212th Avenue Property and discovered a fully functional marijuana hydroponics laboratory in two rooms, an electrical diversion device, $6,740 in quick-count bundles of United States currency, and various firearms. *Id.* ¶ 9.

---

[1]   Southern District of Florida Local Rule 56.1(b) provides: "All material facts set forth in the movant's statement [of undisputed material facts] filed and supported as required [by Rule 56.1(a)] will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record." Given that the Claimant failed to respond to the United States' first motion for summary judgment [ECF No. 65], regarding standing, all facts in the United States' original Statement of Material Facts [ECF No. 66] are deemed admitted, as this Court previously found they were supported by record evidence. *See United States v. One Parcel of Real Prop. Located at 20010 S.W. 160 Street*, No. 15-21476, 2016 WL 2347516, at *1 n.1 (S.D. Fla. May 3, 2016). Furthermore, given that the Claimant has failed to respond to the instant motion for summary judgment, all facts in the United States' concomitantly filed Statement of Material Facts [ECF No. 76] are also deemed admitted, as they are supported by record evidence.

Agents then executed another search warrant at the 204th Street Property and discovered two fully functional marijuana hydroponics laboratories containing marijuana plants which weighed approximately 493 pounds. *Id.* ¶ 10.

On or about February 4, 2014, Torres was charged in the case of *State of Florida v. Jose Torres* with various felony violations, including Fla. Stat. §§ 893.135(5) (conspiracy to traffic cannabis/marijuana) and 893.1351(2) (conspiracy to possess and possession of a place for the purpose of trafficking). *Id.* ¶ 11. In total, law enforcement agents seized over 1000 pounds of marijuana from the three defendant properties originally named in this case. *Id.* ¶ 12. A laboratory analysis by the Miami-Dade Police Department's Forensic Services Bureau confirmed that the plants seized from the Defendant Property were marijuana. *Id.* ¶ 13.

On April 20, 2015, the United States filed a Verified Complaint for Forfeiture *In Rem* ("Complaint") in this action against various real properties, including the Defendant Property, pursuant to 21 U.S.C. § 881(a)(7). In the Complaint, the United States alleged that the Defendant Property was subject to forfeiture because it was used or intended to be used, in any matter or part, to commit, or to facilitate the commission by Jose Torres and others of the felony drug offense of manufacturing and distributing marijuana in violation of 21 U.S.C. § 841(a). *See generally* Compl.

On May 12, 2015, the Claimant filed a Verified Claim ("Claim") alleging that she "has an ownership interest in the [Defendant Property], [and] has the right to manage, sell or donate the [Defendant Property]." United States Statement ¶ 15. She included an Answer to the Complaint in the same filing but has filed no additional pleadings in this case. *Id.* According to Miami-Dade County property records, a warranty deed for the Defendant Property was recorded on February 21, 2007, at Book 25384, Page 0452, which lists the Claimant as the grantee. *Id.* ¶ 16.

At her deposition, held on October 14, 2015, the Claimant confirmed she filed both the Claim and Answer. *United States v. One Parcel of Real Prop. Located at 20010 S.W. 160 Street*,

No. 15-21476, 2016 WL 2347516, at *2 (S.D. Fla. May 3, 2016). From 2003 to 2009, the Claimant lived at 23901 Southwest 212th Avenue, Miami, Florida, with Torres, her two children, and Torres's mother. *Id.* The Claimant testified that Torres operated a nursery business selling plants at the Defendant Property. United States Statement ¶ 17. When questioned about the source of the funds used to purchase and maintain the Defendant Property, the Claimant testified that the Defendant Property was purchased with money from the nursery business that Torres operated, and the mortgage payments were also paid with Torres's money. *Id.* ¶ 18.

The Claimant confirmed in deposition that she has never occupied the Defendant Property. *Id.* ¶ 21. She was shown a copy of the Warranty Deed dated February 20, 2007, indicating her as the grantee, whose address is 20010 Southwest 160th Street, Miami, Florida. *20010 S.W. 160 Street*, 2016 WL 2347516, at *2. When asked why Torres's name was not on the property documents, the Claimant said he never wanted to place the Defendant Property under both of their names. *Id.* In her Claim, she declares that she "has an ownership interest in the property, has the right to manage, sell or donate the property." *Id.* When asked to explain the basis of this statement, she responded, "Because the property was purchased at a time when I was with the father of my daughter [Torres], and I provided—well, I did not provide economically, financially, directly, but I was in the house because of that child we had, or we have between us, that's why I'm making the claim." *Id.* (quoting Cl.'s Dep. 75-76).

The Claimant testified that she first learned Torres was arrested on February 4, 2014, when law enforcement officers came to her apartment. *20010 S.W. 160 Street*, 2016 WL 2347516, at *2. She remembered providing a written statement after being advised of her *Miranda* rights on February 12, 2014. *Id.* Her sworn statement reads:

> I, Sandra Pineiro, state that I have not gone to the homes located at 23901 Southwest 12th Avenue and 20010 Southwest 168th [sic] Street for over four years, and I had no way of knowing about what he was engaging in on any of these properties.

4

> I, Sandra Pineiro, state that we have a daughter and we separated four years ago. We were living together and we are not legally married.

*Id.* (quoting Cl.'s Dep. Ex. 2). She testified that she had no indication that the Defendant Property was being used to commit a felony offense, and, although the Defendant Property was titled in her name, she had no contact with the Defendant Property after she separated from Torres. *Id.* She stated that she has been living at the apartment listed in her Claim since 2010. *Id.* The Claimant testified that she has not paid or contributed any of her own money toward the Defendant Property. United States Statement ¶ 23.

### B.     *Procedural History*

On April 20, 2015, the United States filed its Complaint. [ECF No. 1]. On May 1, 2015, a copy of the Complaint was posted on the Defendant Property. [ECF No. 9]. On May 12, 2015, the Claimant filed her Answer and Verified Claim. [ECF No. 12].

In accordance with Rule G(4)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States commenced publication of a notice of this forfeiture action on April 24, 2015. [ECF No. 19]. When the notice of forfeiture is published on an official internet government forfeiture site, as here, any person claiming a legal interest in the Defendant Property pursuant to such publication must file a Verified Claim with the Court within sixty days after the first date of publication. Supp. R. G(5)(a)(ii)(B). The deadline to file a Verified Claim pursuant to the notice by publication was June 24, 2015.

On June 10, 2015, Mortgage Electronic Registration Systems, Inc., as nominee for CitiMortgage, Inc. ("MERS") filed a Verified Claim, asserting a priority interest based on a mortgage on the Defendant Property in the original principal sum of $140,000.00, evidenced by a Real Estate Mortgage dated February 20, 2007, and recorded on February 21, 2007, in Official Records Book 25384, Page 454, of the Public Records of Miami-Dade County, Florida. [ECF No.

20]. MERS also filed an Answer and Affirmative Defenses to the Complaint. [ECF No. 21].[2] No

other person has filed a Verified Claim with respect to the Defendant Property.

On February 22, 2016, the United States filed a Stipulation and Settlement Agreement

between the United States and U.S. Bank for the Court's approval, wherein the United States agreed

to make certain payments to U.S. Bank in satisfaction of its claim should the United States obtain a

Final Order of Forfeiture of the Defendant Property. [ECF No. 64]. On May 3, 2016, the Court

entered an Order approving the Stipulation and Settlement Agreement. [ECF No. 69]. All that

remains to be done in this action is the resolution of the Claimant's claim.

The United States filed the instant motion for summary judgment on June 22, 2016. To

date, the Claimant has not responded to the motion.

## II.    DISCUSSION

Civil forfeiture actions are governed by the Supplemental Rules for Admiralty or Maritime

Claims and Asset Forfeiture Actions, as well as the Federal Rules of Civil Procedure. *See* Supp.

R. G(1). The legal standard for granting a motion for summary judgment in an *in rem* civil forfeiture

action is the same as it is under Rule 56 in an ordinary civil action. *E.g.*, *United States v. 939 Salem

Street, Lynnfield, Mass.*, 917 F. Supp. 2d 151, 154-55 (D. Mass. 2013).

Summary judgment, pursuant to Federal Rule of Civil Procedure 56(a), "is appropriate only

if the movant shows that there is no genuine issue as to any material fact and the movant is entitled

to judgment as a matter of law." *Tolan v. Cotton*, 572 U.S. —, 134 S. Ct. 1861, 1866 (2014) (per

curiam) (quoting Fed. R. Civ. P. 56(a)) (internal quotation marks omitted); *see also Alabama v.

North Carolina*, 560 U.S. 330, 344 (2010). "By its very terms, this standard provides that the mere

existence of some alleged factual dispute between the parties will not defeat an otherwise properly

---

[2]    On February 9, 2016, this Court granted the Unopposed Motion for Substitution of Claimant MERS by U.S. Bank
       National Association as Trustee for Citigroup Mortgage Loan Trust Inc. Asset-Backed Pass-Through Certificates,
       Series 2007-AMC4 ("U.S. Bank"). [ECF No. 63]. U.S. Bank is the current holder of the mortgage on the Defendant
       Property.

supported motion for summary judgment; the requirement is that there be no ***genuine*** issue of

***material*** fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

An issue is "genuine" when a reasonable trier of fact, viewing all of the record evidence,

could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v.*

*Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable

substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357

F.3d 1256, 1259-60 (11th Cir. 2004). "Where the material facts are undisputed and all that remains

are questions of law, summary judgment may be granted." *Eternal Word Television Network, Inc.*

*v. Sec'y of U.S. Dep't of Health & Human Servs.*, 818 F.3d 1122, 1138 (11th Cir. 2016).

The Court must construe the evidence in the light most favorable to the nonmoving party

and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333

(11th Cir. 2014). However, to prevail on a motion for summary judgment, "the nonmoving party

must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party

must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-*

*Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).

> When faced with an unopposed motion for summary judgment, as in the case here, a court
>
> must consider the merits of the motion. The district court need not sua sponte
> review all of the evidentiary materials on file at the time the motion is granted, but
> must ensure that the motion itself is supported by evidentiary materials. At the least,
> the district court must review all of the evidentiary materials submitted in support
> of the motion for summary judgment. In addition, so that there can be an effective
> review of the case on appeal, the district court's order granting summary judgment
> must "indicate that the merits of the motion were addressed."

*United States v. One Piece of Real Prop.*, 363 F.3d 1099, 1102 (11th Cir. 2004) (quoting *Dunlap*

*v. Transam. Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1998) (per curiam)) (citations

omitted); *see also See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) ("Even in

an unopposed motion" the movant "still bears the burden of identifying 'the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

This Court has reviewed all of the evidentiary materials submitted in support of the United States' motion for summary judgment and has ensured that the motion itself is supported by evidentiary materials. The Court has also reviewed the United States' citations to the record. Based on the Court's careful consideration of those materials, it determines that there is, indeed, no genuine issue of material fact such that granting summary judgment would be appropriate.

The United States has shown by a preponderance of the evidence that the Defendant Property is subject to forfeiture. *See* 18 U.S.C. § 983(c)(1). The facts and evidence establish by a preponderance of the evidence that the Defendant Property was used or intended to be used to manufacture and distribute marijuana, or to facilitate such conduct, in violation of 21 U.S.C. § 841(a)(1). *See United States v. 6 Fox Street*, 480 F.3d 38, 42-43 (1st Cir. 2007). The United States has also shown that the Claimant is a nominal owner who exercised no dominion or control over the Defendant Property and, thus, the Claimant cannot meet *her* burden to show that she is an innocent owner and that her interest in the Defendant Property is not subject to forfeiture. *See* 18 U.S.C. § 983(d)(1); *United States v. One 1990 Beechcraft*, 619 F.3d 1275, 1277-78 (11th Cir. 2010). Accordingly, the United States' motion for summary judgment shall be granted.

### III.    CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

(1)    the United States of America's Motion for Summary Judgment [ECF No. 75] is **GRANTED**;

(2)    the Verified Claim of Claimant Sandra Pineiro [ECF No. 12] is **DENIED**; and

(3)    the One Parcel of Real Property Located at 20010 Southwest 160th Street, Miami, Miami-Dade County, Florida, together with all buildings, appurtenances, improvements, fixtures, attachments, and easements found therein or thereon, and is more particularly described as:

> the East ½ of the North ½ of the Northwest ¼ of the Northwest ¼ of the Southeast ¼ of Section 27, Township 55 South, Range 38 East, Miami-Dade County, Florida, less the North 35 feet and the East 25 feet of the East ½ of the NW ¼ of the NW ¼ of the SE ¼ of Section 27, Township 55 South, Range 38 East, Miami-Dade County, Florida, and the area bounded by the South line of the North 35 feet of the SE ¼ of said Section 27 and bounded by the West line of the East 25 feet of the NW ¼ of the NW ¼ of the SE ¼ of said Section 27, and bounded by a 25 foot radius arc concave to the Southwest, said arc being tangent to both of the Public Records of Miami-Dade County, Florida, Folio No. 30-5827-000-2130

is **FORFEITED** to the United States of America.

The United States shall send a copy of this Order to the Claimant at her last known address.

This action is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of August, 2016.

 

_____

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE